**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO CABRERA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-71577<br><br>Agency No. A073-977-601<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 24, 2019[**]
Pasadena, California

Before: CALLAHAN, OWENS, and R. NELSON, Circuit Judges.

Petitioner Jose Antonio Cabrera seeks review of a final administrative order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Cabrera argues that (1) substantial evidence does not support the immigration judge's adverse credibility finding; (2)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence does not support the agency's determination that he is not entitled to CAT relief; and (3) the immigration judge's conduct during his removal proceedings violated his right to due process. We deny the petition for review.

1.  The immigration judge found Cabrera not to be credible because of significant inconsistencies in his story with respect to dates and other key events, and because his in-court testimony included compelling stories that were not referenced in his asylum application. Substantial evidence supports this finding because at least some of these inconsistencies and omissions go to the heart of Cabrera's claim, which is governed by pre-Real ID Act standards. *Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011); *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003). Without credible testimony, Cabrera's claims for asylum and withholding of removal fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

2.  Even without the immigration judge's adverse credibility finding, Cabrera failed to establish that it is more likely than not that he would be tortured if returned to El Salvador. Accordingly, substantial evidence supports the agency's denial of CAT relief. *Andrade v. Lynch*, 798 F.3d 1242, 1245 (9th Cir. 2015).

3.  Cabrera bases a due process claim on several comments made by the immigration judge that he contends show bias. But the comments in question merely show an immigration judge seeking to guide the proceedings in an

2

appropriate and efficient way.  Moreover, Cabrera has not shown that any of the immigration judge's conduct "affected the outcome of the proceedings."  *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).  We therefore reject Cabrera's due process claim.  *Id.*

The petition for review is **DENIED.**